

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| SHYLER DRUMM, | : | Civil Division |
| | : | |
|     Plaintiff, | : | No. 11687-2023 |
| | : | |
| vs. | : | **TYPE OF PLEADING FILED:** |
| | : | |
| BEAVER AREA SCHOOL DISTRICT; | : | **COMPLAINT** |
| JEFFERY BELTZ; and | : | |
| NICHOLAS COLLINS | : | |
| | : | |
|     Defendants. | : | **FILED ON BEHALF OF:** |
| | : | |
| | : | Plaintiff |
| | : | |
| | : | |
| | : | **COUNSEL OF RECORD:** |
| | : | |
| | : | Kenneth G. Fawcett, Esquire |
| | : | Pa ID 74527 |
| | : | |
| | : | Bowers Fawcett & Hurst, LLC |
| | : | 820 Kennedy Drive |
| | : | PO Box 280 |
| | : | Ambridge, PA 15003 |
| | : | |
| | : | 724.266.0290 office |
| | : | 724.266.6167 fax |



JODI JONES
PROTHONOTARY
BEAVER COUNTY, PA.
2024 FEB 22  P 2: 56

Exhibit "H"

1

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| SHYLER DRUMM, | : | Civil Division |
| | : | |
| Plaintiff, | : | No. 11687-2023 |
| | : | |
| vs. | : | |
| | : | |
| BEAVER AREA SCHOOL DISTRICT, | : | |
| JEFFERY BELTZ; and | : | |
| NICHOLAS COLLINS | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

AND NOW, comes the above-named Plaintiff, Shyler Drumm, (hereinafter referred to as "Plaintiff") by and through his undersigned attorney, Kenneth G. Fawcett, Esquire and Bowers Fawcett & Hurst, LLC, and for his causes of action, complains and says:

## I. Introduction

1.     Plaintiff, Shyler Drumm ("Shyler") (date of birth: 12/23/2003), is an individual who resides at 141 Biskup Lane, Monaca, Beaver County, Pennsylvania 15061.

2.     At all times relevant to this Complaint, Shyler was enrolled as a student in the Defendant Beaver Area School District.

2

3. Defendant, Beaver Areal School District (hereinafter referred to as "School District"), is a public school system and a political subdivision created under the laws and statutes of the Commonwealth of Pennsylvania, with its central offices located at 1300 Fifth Street, Beaver, Beaver County, Pennsylvania 15009.

4. The School District is the Local Education Agency that was responsible for Shyler's education.

5. At all times relevant to this Complaint, Defendant Jeffrey Beltz was an employee and/or agent of Defendant District and acting in his individual capacity under color of state law.

6. At all times relevant to this Complaint, Defendant Beltz served as the football coach and principal of Defendant School District.

7. At all times relevant to this Complaint, Defendant Nicholas Collins was a student at Defendant School District and currently resides at 122 Birch Street, Beaver, Pennsylvania 15009.

8. Beginning in the 2016-2017 school year, Shyler was diagnosed with Generalized Anxiety Disorder and Attention Deficit Hyperactivity Disorder (ADHD).

3

9.      School District was advised of this diagnoses and disability and his need for special accommodations was addressed to a limited extent by the School District.

10.     In eighth grade, during the 2017-2018 school year, Shyler joined the School District's football team. After joining the team, Shyler began to suffer hazing and bullying that was brought to the attention of Defendant Beltz.

11.     Shyler was called "Shytard" and "mama cry baby", by teammates, including Defendant Collins, who also shot rubber bands at him while in school and class.

12.     These concerns were brought to Defendant Beltz' attention on numerous occasions by Shyler's parents.

13.     At no time was any type of investigation completed as is required by the School District's own policy, rather all complaints were dismissed as "kids being kids".

14.     At one point after reporting their concerns to Defendant Beltz, it is believed that Defendant Beltz told the students who were bullying and harassing Shyler to stop because his mother had called. This only exacerbated the situation causing Shyler to suffer additional embarrassment, hazing and bullying.

15.     In November 2017, the hazing and bullying escalated resulting in Shyler's toe being broken during football practice.

16.     Then in December 2017, while in gym class, Shyler was hit in the head with a racket by one of his bullies and former teammates causing a concussion.

17.     Again, Shyler's parents brought their concerns to the attention of Beltz, but no investigation occurred and no action was taken by the School District.

18.     On March 5, 2018, Shyler stayed at the school for a School District volleyball game.

19.     While at the volleyball game, Shyler went to the weight room to talk to a friend. While talking to his friend, Defendant Collins, one of his former teammates, came up behind him and negligently and/or recklessly put him in a headlock holding Shyler until he went unconscious, then dropped him in the floor causing Shyler to hit his head against the floor.

20.     As a result, Shyler sustained severe and permanent injuries.

21.     Despite plaintiff and his family member's repeated notice to School District officials, including Defendant Beltz, about this situation and the marked toll it had taken

on plaintiff's academic success and emotional state, defendant School District did nothing to ensure that plaintiff was educated without fearing for his personal safety and enduring daily humiliation. Defendant School District did not followed its own established procedures for handling and investigating complaints and for disciplining students involved in the harassment.

22.     Defendant Beltz and Defendant School District turned its back on this vulnerable student by not addressing the harassment directly.

23.     Plaintiff seeks compensatory and punitive damages to remedy violations of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA").

24.     At all times material hereto, Defendant School District and Beltz were acting under color of state law.

25.     Rather than being able to view attending school as a pleasant and safe educational opportunity, Shyler dreaded each day of school because of the constant humiliation and fear he experiences as a result of the above harassment.

26.     At no time did any school official interview Shyler about any of the reported incidents of harassment for the purpose of investigating those incidents.

27.     This Complaint asserts claims on behalf of Shyler for intentional discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et. seq.*; a claim under 42 U.S.C. § 1983; a State Created Danger claim for a violation of Shyler's Fourteenth Amendment right to bodily integrity and substantive due process; and supplemental state law torts.

28.     Plaintiffs are not bringing suit under the IDEA, are not bringing a claim to seek educational services, are not attempting to change the Plaintiffs educational programming and are not seeking any other kind of equitable relief for education-based-services.

29.     Due to the severe nature of Shyler's injuries, the fear of ongoing harassment and bullying, and the failure of the School District to take any action to provide Shyler with a safe educational program, Shyler's family moved following the 2017-2018 school year so that Shyler could attend a new school district.

## COUNT I - 42 U.S.C. 1983
## Plaintiffs v. Defendant Beltz (individually and in his official capacity)

30.     All paragraphs of this Complaint are incorporated as though fully set

forth at length herein.

31.     The acts and omission of the defendant violated Plaintiff's clearly established rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

32.     Defendant Beltz, individually, was acting under the color of state law while exercising the authority that School District gave him as an employee of the state agency because he was performing his duty as a Principal in responding to complaints and evidence of bullying and harassment.

33.     Defendant Beltz's actions were wrongful, malicious, and reckless in depriving Plaintiff of his constitutional rights.

34.     Defendant Beltz failed to act as an objectively reasonable administrator would have acted in the same or similar circumstances.

35.     Defendant Beltz, without legal or necessary justification, failed to perform an investigation of the allegations of harassment and bullying of Shyler Drumm a student within the School District.

36.     While acting under the color of state law, Defendant Beltz deprived Plaintiff of his procedural and substantive due process rights in violation of the Fourteenth Amendment when he failed to investigate the allegations of bullying and harassment and deprived plaintiff of his right to life and liberty when:

    a.    Defendant Beltz's failed to properly investigate the allegations of bullying and harassment and then told students that Shyler's mom called causing increased harassment and bullying;

    b.    Disregarded and violated the School District's policies on bullying and harassment;

    c.    Engaged in unlawful discrimination under the ADA;

    d.    Plaintiff suffered sever traumatic injuries; and

    e.    Plaintiff continues to suffer from his injuries which prevent him from performing his usual duties, activities, occupations, and avocations.

37.     Defendant Beltz violated School District protocols and policies regarding complaints of bullying and harassment.

38.     Defendant Beltz directly participated in the violation of plaintiff's procedural and substantive due process rights, which are protected under the Fourteenth Amendment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, interest, attorney fees, and allowable costs of suit and brings this action to recover same.

<u>**COUNT II - State Created Danger**</u>
<u>**Plaintiffs v. Defendant School District and Defendant Beltz (individually)**</u>

39.     All paragraphs of this Complaint are incorporated as though fully set forth at length herein.

40.     At all times relevant to this Complaint, Defendant Beltz acted in his own capacity and in his administrative capacity as principal with decision making authority for Defendant School District.

41.     Defendant Beltz, individually, caused a state-created danger in the following respects:

     a.    First, plaintiff's catastrophic injuries were a foreseeable and direct harm of Defendant Beltz's reckless actions as follows:

          i.    this harm was foreseeable because Defendant Beltz had an awareness of the dangers of bullying and harassment of school students and in particular Shyler who suffered multiple concussions and injuries;

          ii.    this harm was directly caused by Defendant Beltz's actions because plaintiff was injured by the same students responsible for ongoing bullying and harassment;

          iii.    Defendant Beltz was aware that plaintiff was being bullied, suffered an injury in football practice, suffered a concussion when struck by a racket during gym and was the subject of on going name calling and bullying.

b. Second, Defendant Beltz's actions shock the conscious because:

    i. Defendant Beltz was aware of the ongoing harassment and bullying;

    ii. Defendant Beltz was aware of plaintiff's anxiety and disability;

    iii. Defendant Beltz chose to ignore the complaints and played it off as "kids being kids";

    vi. Defendant Beltz violated School District policies regarding bullying and harassment.

c. Third, plaintiff was a foreseeable victim having been the target of repeated on ongoing harassment and bullying.

d. Fourth, Defendant Beltz's affirmative act was the but-for cause of plaintiff's injuries because:

    i. Defendant Beltz made the affirmative decision to disregard complaints of bullying and harassment instead of conducting required investigations and disciplinary proceedings;

    ii. Plaintiff's injuries limited his freedom of action; and

    iii. Defendant Beltz's affirmative action was the but-for cause of plaintiff's injuries that limited his freedom of action.

42. At all times, the Defendants had a duty to exercise the same degree of care over the pupils, including plaintiff, under their control as would a reasonably prudent parent.

43. The acts and omissions of Defendants breached that duty.

44.     As a result, the Plaintiff suffered the injuries described herein.

45.     In not providing supervision in the weight room and investigating and enforcing the allegations of bullying and harassment, the Defendants acted with deliberate indifference to the rights and personal safety of Plaintiff, disregarded a substantial risk of harm to the Plaintiff, namely that the Plaintiff would be subject to further acts of bullying and harassment, causing severe injuries to plaintiff, and created the opportunity for harm to Plaintiff that would otherwise not have existed.

46.     As a direct and proximate result of the Defendant's misconduct, committed under color of state law, the Defendants deprived Plaintiff of his rights, privileges, and immunities under the laws of the Constitution of the United States, namely Plaintiff's right to personal protection and to be secure in his person, his intent in maintaining personal bodily integrity, and to due process and equal protection of the law. As a result, Plaintiff suffered, and continues to suffer, harm and violation of his rights under the laws of the Constitution of the United States, in particular the 14th Amendment thereto and 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, attorney fees, interest and allowable costs of suit and brings this action to recover same.

## COUNT III - Negligence
## Plaintiffs vs. Defendant Collins

47.     All paragraphs of this Complaint are incorporated as though fully set forth at length herein.

48.     The injuries sustained by the plaintiff were caused by and were the direct and proximate result of the reckless and negligent acts of Defendant Collins, jointly and severally, and in the following particulars:

      a.      engaging in negligent and reckless horseplay;

      b.      in negligently imitating wrestling moves to the great harm and injury to Plaintiff;

      c.      in failing to have the required skill, experience and training to attempt wrestling moves of the kind that injured plaintiff;

      d.      in negligently dropping plaintiff onto the ground; and

      e.      in engaging in acts that caused Plaintiff great anxiety, embarrassment and harm;

49.     That Defendant Collins knew or had reason to know that engaging in horseplay could lead to serious and permanent injuries.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT IV
### Intentional Discrimination under the ADA
### Plaintiff v. Defendant School District and Defendant Beltz

50.     All paragraphs of this Complaint are incorporated as though fully set forth at length herein.

51.     Under the ADA a plaintiff's disability need be only one factor in causing the denial of benefits or discrimination at issue.

52.     At all times relevant to this Complaint, Shyler was a qualified individual with a disability for purposes of the ADA, entitled to attend the School District with appropriate accommodations and support.

53.     Defendant School District owed Shyler a duty of care to provide Shyler with an appropriate and properly supervised education free from physical and/or mental harm in accordance with the ADA.

54.     Defendants breached their duty of care under the ADA by failing to provide Shyler with a safe educational program free from bodily harm.

55.     Defendants discriminated against Shyler by failing to provide Shyler with a safe and properly supervised education program, ultimately causing his injuries.

56.     Shyler's disability was the basis for, and cause of, the discrimination against him, denial of benefits of his program, and his injuries.

57.     Defendants' conduct constitutes a conscious disregard for, and deliberate indifference to, Shyler's rights under the ADA to a safe, appropriate and properly supervised educational experience.

58.     As a direct and proximate result of Defendants' violations of the ADA as set forth above, Shyler suffered physical and emotional trauma, humiliation, and loss of life's most basic pleasures.

59.     Shyler was deprived the benefits of his educational program and otherwise subjected to discrimination because of his disability.

60.     Defendants acted in bad faith, used gross misjudgment, and/or were deliberately indifferent.

61.     Defendants violated Shyler's rights secured by the ADA, 42 U.S.C. § 12131 *et. seq.* and 28 C.F.R. § 35.130, by its actions and inactions which:

     a.    subjected Shyler to discrimination in violation of 28 C.F.R. § 35.130(a); and

     b.    limited Shyler in the enjoyment of rights, privileges, advantages, or opportunities enjoyed bu others receiving the aid, benefit, or service in violation of 28 C.F.R. § 35.130(b)(1)(vii).

62.     As a direct and proximate result of Defendants' violations of the ADA as set forth above, Shyler was injured, and has suffered physical, mental and emotional trauma, pain and suffering, humiliation, and loss of life's most basic pleasures. He has incurred and will continue to incur significant physical, emotional, amd behavioral harm, medical/treatment, bills, work loss and humiliation and is entitled to monetary damages stemming from the injuries he has suffered due to Defendants' violation of the ADA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT V
### Section 1983 Claim for Enforcement of the ADA
### Plaintiff v. Defendant School District and Defendant Beltz

63.     All paragraphs of this Complaint are incorporated as though fully set forth at length herein.

64.     At all times material hereto, Defendants acted under color of state law by and through their agents, ostensible agents, and/or employees.

65.     At al times relevant to this Complaint, Defendant Beltz was an employee and/or agent of the School District and acting under color of state law.

66.     A private citizen, including Shyler, can seek relief under § 1983 to enforce the ADA because the ADA has no exhaustion requirement and does not have an "unusually elaborate," "carefully tailored," and "restrictive" enforcement scheme.

67.     The federal statutory rights prescribed by the ADA and violated by Defendants as set forth herein, include the right to be free of discriminatory conduct.

68.     Defendants violated Shyler's rights secured by the ADA, 42 U.S.C. § 12131 et seq ans 28 C.F.R. § 35.130, by its actions and inactions which:

    a.      subjected Shyler to discrimination in violation of 28 C.F.R. §
            35.130(a); and

    b.      limited Shyler in the enjoyment of rights, privileges, advantages, or
            opportunities enjoyed bu others receiving the aid, benefit, or
            service in violation of 28 C.F.R. § 35.130(b)(1)(vii).

69.     The ADA conferred onto Shyler an equal right to a safe education free from discriminatory treatment and/or loss of educational benefits.

70.     The actions of the Defendants violated those rights that the ADA guaranteed Shyler as a student with a disability.

71.     Defendants acted intentionally, with deliberate indifference, with gross misjudgment, and/or with bad faith, to the rights of Shyler.

72.     As a direct result of the actions of Defendants as set forth herein, Shyler was caused to suffer the injuries and losses as described in the Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, interest and allowable costs of suit and brings this action to recover same.

## COUNT VI
### Breach of Fiduciary Duty
### Plaintiff v. Defendant School District and Defendant Beltz

73.     All paragraphs of this Complaint are incorporated as though fully set forth at length herein.

74.     A fiduciary relationship existed between Defendants, including its employees, agents, and officers, and Shyler, in that Shyler reposed a special confidence in Defendants to the extent that Shyler and Defendants did not deal with each other on equal terms, due to Shyler's disabilities, as well as his dependence and justifiable trust on Defendants and their personnel.

75.     At all times relevant to the Complaint, Defendants had a duty under Pennsylvania and Federal statutes and regulations to appropriately supervise and educate Shyler; to ensure that his individual education program was safe, appropriate, properly staffed, and supervised by appropriately trained individuals, and free from unreasonable and foreseeable risks of harm; to hire, train, supervise, and discipline staff; and to retain employees that could provide safe, secure, and adequate supervision.

76.     At all times relevant to this complaint, Defendants breached those duties through their actions as set forth herein.

77.     As a direct and proximate result of Defendants' breach of fiduciary duties, Shyler was injured, and has suffered severe, debilitating and lifelong injuries, emotional trauma and the loss of life's most basic pleasures.

78.     Shyler has incurred and will continue to incur significant physical, emotional harm and monetary damages stemming from the injuries he has suffered due to Defendants' breaches of fiduciary duties.

79.     Defendants do not enjoy sovereign immunity for their Breach of Fiduciary Duty because it constitutes fraud, actual malice, or willful misconduct.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, interest, attorney fees, and allowable costs of suit and brings this action to recover same.

## COUNT VII
### Negligent Infliction of Emotional Distress
### Plaintiff v All Defendants

80.     All paragraphs of this Complaint are incorporated as though fully set forth at length herein.

81.     Defendants negligently caused severe emotional distress to Plaintiff through extreme and reckless conduct.

82.     Defendants' conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as utterly intolerable in a civilized community.

83.     Shyler's injuries were caused by the negligent conduct and actual malice of the Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in

compensatory damages, punitive or exemplary damages, interest, attorney fees, and allowable costs of suit and brings this action to recover same.

## COUNT VII
**Injuries and Damages**
**Plaintiff v All Defendants**

84.     All paragraphs of this Complaint are incorporated as though fully set forth at length herein.

85.     The injuries suffered by the Plaintiff were the foreseeable result of the deliberate negligence, recklessness and indifference of the Defendants as set forth above.

86.     The injuries suffered by the Plaintiff were caused by the Defendants placing Plaintiff in a dangerous position, which dangerous position was foreseeable, as set forth above.

87.     The negligence of and violation by Defendants of the rights guaranteed to Plaintiff caused the Plaintiff to suffer the following injuries and disabilities:

        a.     concussion;

        b.     post traumatic stress disorder;

        c.     closed head injury;

        d.     cervical sprain and strain;

e.      lumbar sprain and strain.

f.      general shock to the nerves and entire nervous system;

g.      permanent disfiguring scarring; and

h.      many injuries which are of a permanent nature.

88.     As a result of his injuries, the Plaintiff was required to receive medical care and treatment, x-rays, surgery, medicines, and other proper and necessary things in an effort to restore his health and he has been informed that he will by reason of said injuries, be required to undergo additional and similar medical care and treatment in the future.

89.     As a result of his injuries, the Plaintiff suffered great physical pain, agony, inconvenience, and embarrassment and disfigurement and he has been informed and believes, that by reason of his injuries he will continue to suffer considerable pain, agony, inconvenience, and embarrassment and disfigurement in the future for the rest of his life; that his general health, strength, and vitality have been permanently impaired to his great loss and damage.

90.     As a result of his injuries, the Plaintiff sustained a permanent damage to his earning power.

91.     By reason of the bodily injuries sustained by the Plaintiff, he has been obliged and will be obliged in the future to incur certain medical expenses for care and treatment.

Plaintiff may recover the reasonable value of medical expenses incurred in the diagnosis, care and attempted recovery.

92.    As a result of his injuries, Plaintiff has incurred attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, interest and allowable costs of suit and brings this action to recover same.

A jury trial is demanded.

Respectfully Submitted,
BOWERS FAWCETT & HURST, LLC

Kenneth G. Fawcett, Esquire
Attorney for Plaintiff

2024 FEB 22  P 2:51
JODI JONES
PROTHONOTARY
BEAVER COUNTY, PA.

## VERIFICATION

I, **SHYLER DRUMM**, have read the foregoing Complaint and verify that the statements therein are true to the best of my knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Dated:    2/21/24

Shyler Drumm

2024 FEB 22  P 2 51
JOHN JONES
PROTHONOTARY
BEAVER COUNTY, PA.

## **CERTIFICATE OF SERVICE**

I, hereby certify that a true and correct copy of the foregoing **COMPLAINT** was

served upon the following by prepaid regular U.S. Mail this _____22_____ day of __Feb_____,

2024.


Michael E. Lang, Esquire
Margolis Edelstein
983 Third Street
Beaver, PA 15009

Beaver Area School District
1300 Fifth Street
Beaver, PA 15009

Jeffrey Beltz
1002 Joseph Drive
Aliquippa, PA 15001


BOWERS FAWCETT & HURST, LLC

Kenneth G. Fawcett, Esquire
Attorney for Plaintiff

2024 FEB 22 P 2:51
JEAN JONES
PROTHONOTARY
BEAVER COUNTY, PA.
ISSUED

## CERTIFICATE OF COMPLIANCE

I, KENNETH G. FAWCETT, ESQUIRE, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than nonconfidential information and documents.

Date: 2|22| 24

Kenneth G. Fawcett, Esquire
PA ID#74527
Attorney for Plaintiff
Bowers Fawcett & Hurst, LLC
820 Kennedy Drive, P.O. Box 280
Ambridge, PA 15003

2024 FEB 22  P 2:57
JONES
PROTHONOTARY
BEAVER COUNTY, PA.