IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHYLER DRUMM, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-cv-00438-CB-MPK |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Maureen P. Kelly |
| BEAVER AREA SCHOOL DISTRICT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On November 14, 2024, the Magistrate Judge issued a Report (Doc. 19) recommending that the moving Defendants' Motion to Dismiss (Doc. 8) be granted in part and denied in part. Service of the Report and Recommendation ("R&R") was made on the parties, and Plaintiff has filed Objections. *See* Doc. 20.

Having conducted a *de novo* review, the Court adopts the dispositions recommended in the Report, subject to the following modifications – which relate to Plaintiff's "state created danger" claim in Count II. The District Court declines to adopt the R&R's indication that a "drastic change" to the status quo is required for Plaintiff to state a claim. Although the language is contained in the cited decision, there is no indication that it constitutes a necessary element.

Placing this to one side, it bears acknowledgement that Plaintiff's averments regarding state created danger – as contained in Count II – are of the type rejected in Morrow v. Balaski,

719 F.3d 160 (3d Cir. 2013). *See* Compl. (Doc. 1-8) at ¶¶ 41-46 (alleging failures to act, as opposed to affirmative conduct). Elsewhere in the Complaint – and sharpened in his opposition brief and Objections– Plaintiff has identified one affirmative act: Defendant Beltz "told the students who were bullying and harassing [him] to stop because his mother had called" the school to complain. *Id.* at ¶ 14. Allegedly, this "exacerbated the situation," causing Plaintiff "to suffer additional embarrassment, hazing and bullying." *Id.*

While the R&R agreed "that such a statement would not have helped [Plaintiff's] situation," it did not view the circumstances as reflecting a "drastic change" in the status quo. Doc. 19 at 8. Nevertheless, after noting Defendant's assertion of qualified immunity, the Report recommended that the claim be dismissed without prejudice to amendment. *See id.* at 9.[1]

Given the Court's conclusion that a "drastic change" is not required, the R&R's analysis does not answer the question. Plaintiff's state created danger theory cannot be viewed as a strong one, in any event. This is so given the requirements: that the harm was a "foreseeable and fairly direct" result of Beltz mentioning, in his admonishment of the bullies, that Plaintiff's mother had telephoned; that Beltz's alleged comment reflected "a degree of culpability that shocks the conscience"; and that the statement made Plaintiff "more vulnerable to danger than had [Defendant] not acted at all." Morrow, 719 F.3d at 177 (citation omitted).

The mountains to climb are, indeed, high. The Court must bear in mind, however, the relatively lenient standards applicable at this stage. In light of them, there has been some reluctance to resolve such issues at the 12(b) stage. *See, e.g.*, J.R. v. Greater Latrobe Sch. Dist.,

---

[1] Defense counsel reads Plaintiff's other concession(s) to mean that the School District cannot be liable under the state created danger theory. *See* Defs.' Reply Br. (Doc. 16) at 1. Plaintiff does not resist this assertion, having directed his Objections to "Defendant," singular, and "Beltz." *See* Doc. 20 at 2-7.

688 F.Supp.3d 243, 256-57 (W.D. Pa. 2023) (Colville, J.) (although the school "point[ed] to certain issues of fact that might ultimately have an impact on the viability of [the p]laintiff's claim," his allegations "permit[ted] inference[s]" supporting a plausible claim).[2]

The District Court cannot resolve these issues on the present record. Doing so would require a good deal of extrapolation given the sparsity of the actual pleadings. *Cf.* Pl.'s Objs. (Doc. 20) at 1 (alleging that Beltz's action "greatly inflamed the situation," but citing paragraphs of the Complaint that neither contain such language, nor supply details warranting the characterization). The R&R, moreover, did not reach the issue of qualified immunity "because such analysis may be dependent on the sufficiency of [Plaintiff's] pleading[s]." Doc. 19 at 8-9.

In the end, the Court is in agreement with the disposition ultimately recommended. Count II cannot, on the current record, proceed. Even assuming Plaintiff clears the hurdles above, he also must contend with Defendant's assertion of qualified immunity. The Court of Appeals for the Third Circuit has acknowledged the "inherent tension between federal qualified immunity jurisprudence and the concept of notice pleading," and has highlighted the utility of Rule 12(e)'s motion for a more definite statement (a vehicle invoked by defense counsel here, albeit regarding other Counts). Thomas v. Independence Twp., 463 F.3d 285, 299-302 (3d Cir. 2006); *see also* the decision cited in Plaintiff's Objections, Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 859-60 (3d Cir. 2014) (reversing the district court's finding of qualified

---

[2] In J.R., the school allegedly "was on notice of extreme hazing activity among the wrestling team, as well as encouragement of such activity from the team's coaches, but nonetheless affirmatively required" the plaintiff to "report to a gymnasium where [the team] would be unsupervised for a period of forty-five minutes." *Id.* at 256. The degree to which this case is similar can be, and surely will be, debated. On one hand, the "action versus inaction" distinction, here, is more easily drawn (*i.e.,* Beltz allegedly told Plaintiff's bullies that his mother had telephoned to complain). On the other hand, the level of culpability in J.R. was significantly higher (given the allegation that hazing was encouraged by the team's coaches).

immunity based on a lack of published decisions extending the state created danger theory to confidential informants, but "express[ing] no opinion as to whether" qualified immunity, in fact, attached).[3] Counsel must be prepared to address the relevant standards through amendment and the renewed motions practice likely to follow.

Plaintiff's remaining objection, to the recommended dismissal of Count V, is OVERRULED. The R&R is adopted consistent with the above (although on page 11, "Count VI pursuant to the ADA" is amended to read, "Count IV pursuant to the ADA"). Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**, and Counts I, V, VI and VII are DISMISSED WITH PREJUDICE (Count VII as to the moving Defendants). Count IV is DISMISSED without prejudice to amendment should Plaintiff wish to attempt a cure. Plaintiff is ORDERED to amend Count II, consistent with the discussions herein, or the claim will be deemed abandoned.

Plaintiff's deadline for filing an amended complaint is **January 10, 2025**. Amendment is limited to the topics contemplated herein. Further opportunity for amendment will not be afforded, so Plaintiff must make last, best efforts to plead legally supportable claim(s). The amended complaint must stand on its own, without reference to, or incorporation of, the original Complaint. Should Plaintiff not timely file an amended complaint, he will be deemed to stand on the original pleadings and the dismissal of Counts II and IV will be converted to with-prejudice.

---

[3] Estate of Lagano has surface appeal, from Plaintiff's perspective, given its recognition that "[i]t ha[d] been clearly established . . . [for] decades that a state-created danger violates due process." Id. at 859. Likening Plaintiff's circumstances to that of a confidential informant whose identity has been intentionally or recklessly revealed seems quite a stretch, however.

IT IS SO ORDERED.

December 27, 2024              s\Cathy Bissoon
                               Cathy Bissoon
                               United States District Judge

cc (via ECF email notification):

All Counsel of Record